# Exhibit 2

NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

December 14, 2020

John Randy Sawyer, Esq.
Stark & Stark
P.O. Box 5315
Princeton, NJ 08543-5315
*Counsel for Plaintiff*

Michael Hynes, Esq.
DLA Piper LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, NJ 07078-2704
*Counsel for Defendant*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re: Boulevard Carroll Entm't Grp., Inc. v Fireman's Fund Ins. Co.**
**Civil Action No. 20-11771 (SDW) (LDW)**

Counsel:

Before this Court is Defendant Fireman's Fund Insurance Company's ("Defendant") Motion to Dismiss Plaintiff Boulevard Carroll Entertainment Group, Inc.'s ("Plaintiff") Declaratory Judgment Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, grants Defendant's motion.

### DISCUSSION

A. Standard of Review

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v.*

*County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

  In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

  B. <u>Plaintiff Has Failed to State a Claim Upon Which Relief Can be Granted</u>

  This Court writes only for the parties and assumes their familiarity with the procedural and factual history of this matter. Plaintiff is a "full-service music production company" with locations in New Jersey, New York, and Maryland. (D.E. 1-1 ¶¶ 2-3.) When the COVID-19 pandemic reached the east coast of the United States in March, 2020, governors of those three states issued emergency orders ("Stay-at-Home Orders") to prevent the spread of the virus, which caused Plaintiff to suffer "substantial loss of business income and related expenses." (*Id.* ¶¶ 4-13.) As a result, Plaintiff sought to recover under a commercial property insurance policy issued by Defendant (the "Policy") which provides coverage for: 1) "direct physical loss or damage to Property Insured caused by or resulting from a covered communicable disease event at a location;" 2) "the actual loss of business income and necessary extra expense . . . due to the necessary suspension of . . . operations during the period of restoration arising from direct physical loss or damage to property at a location;" and 3) "the actual loss of business income and extra expense you sustain due to the necessary suspension of your operations caused by action of civil authority that prohibits access to a location" provided that the prohibition of access "arise[s] from direct physical loss or damage to property . . . .." (*Id.* ¶¶ 14-18, Ex. A at 52, 64, 67-68.) The Policy excludes coverage for loss, damage or expense caused "directly or indirectly or resulting from . . . regardless of any other cause or event that contributes concurrently or in any sequence to the loss [from] . . . disease, sickness, any conditions of health, bacteria, or virus." (D.E. 1-1 Ex. A at 53-54.) Defendant denied Plaintiff's claim on April 20, 2020. (D.E. 1-1 ¶ 19, Ex. B.)

  Plaintiff then brought suit seeking declaratory judgment that the Policy provides coverage for Plaintiff's business losses and expenses and raising claims for breach of contract and breach of the covenant of good faith and fair dealing.[1] (*See generally* D.E. 1-1.) Defendant moved to dismiss, and all briefing was timely filed. (D.E. 4, 7, 10.)

---

[1] Plaintiff initially filed suit in the Superior Court of New Jersey, Bergen County, and Defendant removed to this Court pursuant to diversity jurisdiction on August 28, 2020. (D.E. 1.) As a federal court sitting in diversity, this Court applies the choice-of-law rules of New Jersey to determine which state law controls. *See Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496 (1941); *Maniscalco v. Brother Int'l (USA) Corp.*, 709 F.3d 202, 206 (3d Cir. 2013); *Shapiro v. Logitech, Inc.*, Civ. No. 17-673, 2019 WL 397989, at *6-7 (D.N.J. Jan. 31, 2019). "New Jersey has adopted the [two-part] 'most significant relationship' test set forth in the Restatement (Second) of Conflict of Laws." *Maniscalco*, 709 F.3d at 206 (citing *P.V. ex rel. T.V. v. Camp Jaycee*, 962 A.2d 453, 459-60 (N.J. 2008)). The first step of the inquiry is to determine whether an actual conflict exists. *See Camp Jaycee*, 962 A.2d at 460 (citing *Lebegern v. Forman*, 471 F.3d 424, 430 (3d Cir. 2006)). "That is done by examining the substance of the potentially

2

Plaintiff has failed to meet its burden to show that its claim falls "within the basic terms of the insurance policy." *See, e.g. Arthur Anderson LLP v. Fed. Ins. Co.*, 3 A.3d 1279, 1287 (N.J. Super. App. Div. 2010). The Policy unambiguously limits its coverage to physical loss or damage to Plaintiff's commercial property. Each of the coverage provisions Plaintiff relies on specifically require "direct physical loss or damage" to trigger the Policy. (*See* D.E. 1-1 Ex. A at 52, 64, 67-68.) Here, Plaintiff has not alleged any facts that support a showing that its property was physically damaged. Instead, Plaintiff pleads that by forcing him to close his business, the Stay-At-Home Orders caused Plaintiff to lose income and incur expenses. This is not enough. *See, e.g. Mac Property Grp. LLC v. Selective Fire & Cas. Ins. Co.*, Dkt. No. L-02629, Slip Op. at *15-17 (N.J. Super. Ct. Nov. 5, 2020). In addition, the Policy clearly excludes coverage for damage, loss or expense arising from a virus. (D.E. 1-1 Ex. A at 54.) Because the Stay-at-Home Orders were issued to mitigate the spread of the highly contagious novel coronavirus, Plaintiff's losses are tied inextricably to that virus and are not covered by the Policy. *See, e.g. Mac Property See, e.g. Mac Property*, Slip Op. at *15-16 (dismissing claims for coverage where policy contained a virus exclusion provision); *N&S Rest., LLC v. Cumberland Mutual Fire Ins. Co.*, Civ. No. 20-5289, 2020 WL 6501722, at *3-4 (D.N.J. Nov. 5, 2020). Although this Court is sympathetic to the very real losses businesses have suffered during this pandemic, it cannot grant Plaintiff the relief it seeks.[2]

## **CONCLUSION**

Defendant's Motion to Dismiss the Declaratory Judgment Complaint is **GRANTED with prejudice**. An appropriate order follows.

   /s/ Susan D. Wigenton  
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk  
cc: Parties  
      Leda D. Wettre, U.S.M.J.

---

applicable laws to determine whether 'there is a distinction' between them." *Id.* "If there is not an actual conflict, the inquiry is over and, because New Jersey would apply its own law in such a case, a federal court sitting in diversity must do the same." *Lebegern*, 471 F.3d at 428. Although neither party engages in a meaningful choice of law analysis, this Court is satisfied that there is no conflict between the applicable laws of New Jersey, New York or Maryland. As such, this Court will apply New Jersey law.

[2] This Court is not alone in this finding, as numerous other federal courts have reached the same conclusion in suits involving similar policy terms. *See, e.g. N&S Rest.*, 2020 WL 6501722, at 2-4 (D.N.J. Nov. 5, 2020); *Hillcrest Optical, Inc. v. Cont'l Cas. Co.*, Civ. No. 20-275, 2020 WL 6163142, at *9 (S.D. Ala. Oct. 21, 2020); *Henry's Louisiana Grill, Inc. v. Allied Ins. Co. of Am.*, Civ. No. 20-2939, 2020 WL 5938755, at *5 (N.D. Ga. Oct. 6, 2020); *Infinity Exhibits, Inc. v. Certain Underwriters at Lloyd's London*, Civ. No. 20-1605-T-30AEP, Slip Op. at *10 (M.D. Fl. Sept. 28, 2020); *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, Civ. No. 20-3213, 2020 WL 5525171, at *5 (N.D. Cal. Sept. 14, 2020); *Pappy's Barber Shops, Inc. v. Farmers Group, Inc.*, Civ. No. 20-907, 2020 WL 5500221, at *6 (S.D. Cal. Sept. 11, 2020); *Turek Enter., Inc. v. State Farm Mut. Auto. Ins.*, Civ. No. 20-11655, 2020 WL 5258484, at *8 (E.D. Mich. Sept. 3, 2020); *10E, LLC v. Travelers Indem. Co. of Conn.*, Civ. No. 20-4418, 2020 WL 5095587, at *4 (C.D. Cal. Aug. 28, 2020); *Malaube, LLC v. Greenwich Ins. Co.*, Civ. No. 20-22615, 2020 WL 5051581, at *8 (S.D. Fla. Aug. 26, 2020); *Diesel Barbershop v. State Farm Lloyds*, Civ. No. 20-461, 2020 WL 4724305, at *5 (W.D. Tex. Aug. 13, 2020).