# Exhibit 6

20STCV16681 November 9, 2020
MUSSO & FRANK GRILL CO., INC., A CALIFORNIA 9:30 AM
CORPORATION vs MITSUI SUMITOMO INSURANCE USA
INC., A NEW YORK CORPORATION, et al.

| | |
|---|---|
| Judge: Honorable Monica Bachner | CSR: Suanne Onuki, CSR #13734 (CourtConnect) |
| Judicial Assistant: A. Barton | ERM: None |
| Courtroom Assistant: D. Major | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): Michael J. Bidart and William M/ Shernoff (CourtConnect)

For Defendant(s): Joseph C. Campo (CourtConnect); Larry Mark Golub and Kent Keller (CourtConnect); Brian E. O'Donnell (CourtConnect)

Other Appearance Notes:

**NATURE OF PROCEEDINGS:**
Demurrer of Defendant, Mitsui Sumitomo Insurance USA Inc., to Complaint

Motion of Defendant, Mitsui Sumitomo Insurance USA Inc., to Strike Demand for Punitive Damages

Order Appointing Court Approved Reporter as Official Reporter Pro Tempore is signed and filed this date.

Matter is called for hearing nd argued.

Defendant Mitsui Sumitomo Insurance USA, Inc.'s demurrer to the complaint of Plaintiff Musso & Frank Grill Co., Inc. is sustained without leave to amend.

Defendant's motion to strike is moot.

A. Demurrer

Defendant Mitsui Sumitomo Insurance USA, Inc.'s ("Defendant") demurs to the 1st (breach of implied covenant of good faith and fair dealing) and 2nd (breach of contract) causes of action in the complaint of Plaintiff Musso & Frank Grill Co., Inc. ("Plaintiff"). (Notice of Demurrer, pgs. 1-3.)

| | |
|---|---|
| 20STCV16681 | November 9, 2020 |
| MUSSO & FRANK GRILL CO., INC., A CALIFORNIA CORPORATION vs MITSUI SUMITOMO INSURANCE USA INC., A NEW YORK CORPORATION, et al. | 9:30 AM |

| | |
|---|---|
| Judge: Honorable Monica Bachner | CSR: Suanne Onuki, CSR #13734 (CourtConnect) |
| Judicial Assistant: A. Barton | ERM: None |
| Courtroom Assistant: D. Major | Deputy Sheriff: None |

To the extent Defendant requests the Court take judicial notice of a printout of Plaintiff's website as of July 15, 2020, the request is denied. (Demurrer, pg. 11, fn. 3; Decl. of Golub, Exh. 3; Reply, pg. 9, fn. 7.)

Plaintiff's 10/14/20 evidentiary objection to the Declaration of Larry M. Golub is sustained as to Nos. 1 and 2. Plaintiff's evidentiary objection to lines 1-2 of Defendant's demurrer is overruled as to No. 3, which amounts to argument set forth in the body of the demurrer and is not evidence as to which Plaintiff can raise an objection. (Evidentiary Objections, pg. 3.)

On May 1, 2020, Plaintiff filed its complaint in the instant action against Defendant and HUB International Insurance Services Inc. ("HUB") alleging the following causes of action: (1) breach of implied covenant of good faith and fair dealing [against Defendant]; (2) breach of contract [against Defendant]; and (3) negligence [against HUB]. As such, Defendant demurs to the only causes of action asserted against it.

Allegations of Plaintiff's Complaint

Plaintiff alleges it purchased from Defendant an "All Risk" commercial property and general liability insurance policy (Policy No. PKG3127327) (the "Policy"), which included "Business Income (and Extra Expense)" coverage in the event there is "a "loss of Business Income… sustain[ed] due to the necessary 'suspension' of [Plaintiff's] 'operations'" and/or "necessary expenses… incur[red]… that [Plaintiff] would not have incurred if there had been no direct physical loss or damage to property caused by or resulting from a Covered Cause of Loss." (Complaint ¶¶5-6, Exh. 3, pg. 51.) Plaintiff alleges that with HUB's assistance it obtained the Policy effective from June 30, 2019 to June 30, 2020. (Complaint ¶23, Exh. 3, pg. 3.) Plaintiff alleges the Policy does not define "direct physical loss." (Complaint ¶28.) Plaintiff alleges the Policy defines "Covered Causes of Loss" under the Business Income Coverage as "direct physical loss unless the loss is excluded or limited in this policy." (Complaint ¶33, Exh. 3, pgs. 52, 12, 65.) Plaintiff alleges the Policy provides additional coverage for Civil Authority which provides for coverage of loss of Business Income sustained if access surrounding the damaged property is prohibited by civil authority as a result of the damage and the action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage. (Complaint ¶34, Exh. 3, pg. 101.) Plaintiff's complaint acknowledges the Policy's Government Action Exclusion and Virus

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 71

| | |
|---|---|
| 20STCV16681 | November 9, 2020 |
| MUSSO & FRANK GRILL CO., INC., A CALIFORNIA CORPORATION vs MITSUI SUMITOMO INSURANCE USA INC., A NEW YORK CORPORATION, et al. | 9:30 AM |

| | |
|---|---|
| Judge: Honorable Monica Bachner | CSR: Suanne Onuki, CSR #13734 (CourtConnect) |
| Judicial Assistant: A. Barton | ERM: None |
| Courtroom Assistant: D. Major | Deputy Sheriff: None |

Exclusion. (Complaint ¶¶36-37, Exh. 3, pgs. 66, 78.)

Plaintiff alleges the March 15, 2020 Public Order by Mayor Eric Garcetti (the "Order"), which, as of midnight on March 15, 2020, prohibited restaurants from serving food for consumption on their premises while permitting restaurants to continue to operate for the purposes of preparing food via delivery or pickup. (Complaint ¶57, Exh 2.) Plaintiff alleges that this Order effectively forced Plaintiff, a restaurant that had never prepared or offered food to customers via delivery or pickup, to close resulting in a loss of functional use of its premises and an interruption of business. (Complaint ¶58.) Plaintiff alleges Mayor Garcetti's March 19, 2020 Safer at Home Order ordered citizens to remain at home except for essential activities or infrastructure, which was extended to May 15, 2020 in an April 10, 2020 order, and that these additional orders constitute a continuing predominate cause of Plaintiff's losses. (Complaint ¶60, Exhs. 4, 5.)

Plaintiff alleges it submitted a Property Loss Notice to Defendant on March 19, 2020, describing the loss as "Business Income Loss/Civil Authority." (Complaint ¶61, Exh. 6.) Plaintiff alleges on March 20, 2020, Defendant's Property Claims Specialist Jeff Kinkead ("Kinkead") emailed Plaintiff stating Defendant assigned the independent adjustigin firm of Engle Martin and Associates ("EMA") to contact Plaintiff to begin Defendant's investigation into the claim, and requested certain information from Plaintiff. (Complaint ¶62, Exh. 7.) Plaintiff alleges no one at EMA ever contacted Plaintiff to investigate the claim and instead, on March 27, 2020, Kinkead sent a second email indicating EMA would not be investigating the loss and Kinkead would be doing so himself. (Complaint ¶¶63-64, Exh. 8.) Plaintiff alleges Defendant denied the claim on April 1, 2020 on the grounds the Policy does not cover the claim because COVID-19 is not a covered cause of loss given the Policy's Virus Exclusion and given COVID-19 did not cause Plaintiff to suffer direct physical loss of or damage to insured property. (Complaint ¶¶65-66, Exh. 9.)

Breach of Contract (2nd COA)

"To state a cause of action for breach of contract, a party must plead the existence of a contract, his or her performance of the contract or excuse for nonperformance, the defendant's breach and resulting damage. [Citation]" (Harris v. Rudin, Richman & Appel (1999) 74 Cal.App.4th 299, 307.)

"[A]t the pleading stage, an insurer moving for a demurrer based on insurance policy language

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 71

| | |
|---|---|
| 20STCV16681 | November 9, 2020 |
| MUSSO & FRANK GRILL CO., INC., A CALIFORNIA CORPORATION vs MITSUI SUMITOMO INSURANCE USA INC., A NEW YORK CORPORATION, et al. | 9:30 AM |

| | |
|---|---|
| Judge: Honorable Monica Bachner | CSR: Suanne Onuki, CSR #13734 (CourtConnect) |
| Judicial Assistant: A. Barton | ERM: None |
| Courtroom Assistant: D. Major | Deputy Sheriff: None |

must establish conclusively that this language unambiguously negates beyond reasonable controversy the construction alleged in the body of the complaint. To meet this burden, an insurer is required to demonstrate that the policy language supporting its position is so clear that parol evidence would be inadmissible to refute it." (Palacin v. Allstate Ins. Co. (2004) 119 Cal.App.4th 855, 862.)

"When the facts are undisputed, as they are deemed to be on a ruling on a demurrer, the interpretation of a contract, including whether an insurance policy is ambiguous or whether an exclusion or limitation is sufficiently conspicuous, plain, and clear, is a question of law." (Hervey v. Mercury Casualty Co. (2010) 185 Cal.App.4th 954, 962–963.)

Plaintiff's breach of contract cause of action is based on the above general allegations, and allegations Defendant breached its contractual obligations under the Policy, causing Plaintiff to suffer damages. (Complaint ¶81.) Accordingly, Plaintiff alleges Defendant's denial of Plaintiff's insurance claim and failure to properly investigate the claim amounts to a breach of the policy.

Plaintiff failed to allege sufficient facts to constitute a breach of contract cause of action against Defendant. Plaintiff fails to allege facts suggesting Defendant's denial amounted to a breach of the terms of the Policy, which only covered physical loss or damage, given Plaintiff has alleged no facts suggesting Plaintiff's operations were suspended due to a physical alteration of insured property. (Demurrer, pgs. 7-9.) Rather, Plaintiff alleges the Public Health Orders caused Plaintiff to shut down. (Complaint ¶59.) In addition, Plaintiff did not allege facts suggesting the Orders prohibited access to Plaintiff's premises as a result of damage to property within one mile as required for Civil Authority Coverage and Plaintiff did not allege facts suggesting its premises were not accessible due to the Orders. (Demurrer, pgs. 9-11.) Finally, Plaintiff failed to allege facts suggesting its claim would not fall within the Virus Exclusion, which bars claims resulting from a virus, given Plaintiff's allegations demonstrate the Public Health Orders that caused Plaintiff's closure were in response to the spread of the virus COVID-19. (Demurrer, pgs. 11-12.)

In opposition, Plaintiff argues when a loss can be viewed as the product of two perils acting concurrently, there is coverage if the "predominating cause" of the loss is a covered peril, which Plaintiff asserts the Orders were, and the issue of which peril is the predominating cause is not subject to a demurrer. (Opposition, pgs. 1.) Similarly, Plaintiff argues the Virus Exclusion does not bar coverage because the predominating cause of Plaintiff's loss was the Orders and not

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 71

| | |
|---|---|
| 20STCV16681 | November 9, 2020 |
| MUSSO & FRANK GRILL CO., INC., A CALIFORNIA CORPORATION vs MITSUI SUMITOMO INSURANCE USA INC., A NEW YORK CORPORATION, et al. | 9:30 AM |

| | |
|---|---|
| Judge: Honorable Monica Bachner | CSR: Suanne Onuki, CSR #13734 (CourtConnect) |
| Judicial Assistant: A. Barton | ERM: None |
| Courtroom Assistant: D. Major | Deputy Sheriff: None |

COVID-19. (Opposition, pgs. 12-13.) However, these arguments are without merit given Plaintiff's allegations that the Orders were issued in an effort to stop the spread of COVID-19, which amounts to an allegation that COVID-19 was the predominate or efficient cause of the Orders which resulted in Plaintiff's closure. (See Sabella v. Wisler (1963) 59 Cal.2d 21, 31–32 ["[T]he efficient cause [is] the one that sets others in motion… the cause to which the loss is to be attributed, though the other causes may follow it, and operate more immediately in producing the disaster."].) Plaintiff has not alleged facts suggesting the Policy's Virus Exclusion does not apply to Plaintiff's submitted claim.

Plaintiff's argument that the Policy's inclusion of a "Virus Exclusion" confirms that, absent an applicable exclusion, virus-related claims fall within the Policy's scope of coverage is without merit and against the plain meaning of the Policy's terms which specifically state the exclusion does not create coverage for losses that would not otherwise be covered. (Opposition, pg. 6; Reply, pg. 7.) Rather, the allegations set forth that the claim, which is based on Plaintiff's closure in response to Public Health Orders issued to curb the spread of the virus COVID-19, would fall within the Policy's Virus Exclusion, barring Plaintiff's claim.

Plaintiff argues the Policy can be reasonably construed to provide coverage for a loss resulting from Plaintiff's inability use or access to its property. (Opposition, pgs. 5-7.) However, Plaintiff relies on Hughes v. Potomac Ins. Co. of District of Columbia (1962) 199 Cal.App.2d 239, 249, which is distinguishable from the instant action given it involved physical damage to the property adjacent to the home in a manner that physically damaged the home itself by taking away its lateral support. (Opposition, pgs. 6-7; Reply, pgs. 7-8.) Plaintiff's remaining cited authorities are inapposite since they involve lost physical possession of insured property, which is distinguishable from the instant action in which Plaintiff has not alleged it has been dispossessed of its restaurant. (Opposition, pgs. 7-9; Reply, pgs. 8-9.) Losses from inability to use property do not amount to direct physical loss of or damage to property; "there must be a 'distinct, demonstrable, physical alteration' of the property." MRI Healthcare Ctr. of Glendale, Inc. v. State Farm Gen. Ins. Co. (2010) 187 Cal. App. 4th 766, 779 (citation and quotation marks omitted). Here, Plaintiff has not alleged facts suggesting actual or potential physical damage or loss or that Plaintiff has been deprived of its possession of its physical property. Rather, the Public Health Orders cited in the complaint restricted restaurants from operating in-person dining, not from operating entirely.

To the extent Plaintiff argues the term "direct physical loss" must be read broadly to extend to

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 71

| | |
|---|---|
| 20STCV16681 | November 9, 2020 |
| MUSSO & FRANK GRILL CO., INC., A CALIFORNIA CORPORATION vs MITSUI SUMITOMO INSURANCE USA INC., A NEW YORK CORPORATION, et al. | 9:30 AM |

| | |
|---|---|
| Judge: Honorable Monica Bachner | CSR: Suanne Onuki, CSR #13734 (CourtConnect) |
| Judicial Assistant: A. Barton | ERM: None |
| Courtroom Assistant: D. Major | Deputy Sheriff: None |

coverage for when property is seized or rendered unusable for its intended purpose, regardless of whether the property itself is damaged, this argument is belied by the terms of the Policy itself, which directly reference physical damage. (Opposition, pgs. 8-9, 11.) Specifically, Defendant cites to the Policy's "period of restoration" during which business interruption losses are payable by reference to the date "when the property… should be repaired, rebuilt, or replaced" as demonstrating that "physical" refers to damage to or loss of the property itself, not a policy-holder's use of the property. (Reply, pg. 9; Complaint, Exh. 3, pg. 59.) Defendant also cites to the Policy provision excluding coverage for "loss or damage caused by or resulting from… loss of use" as suggesting the "direct physical loss of property" clause was not intended to include a loss where property was rendered unusable without an intervening physical force. (Reply, pg. 9; Complaint, Exh. 3, pg. 68.) As such, Plaintiff has not alleged facts suggesting Defendant breached its Policy with Plaintiff in denying Plaintiff's claim given the terms of the Policy included in Plaintiff's pleading.

Based on the foregoing, Defendant's demurrer to Plaintiff's 2nd cause of action is sustained without leave to amend.

Breach of Implied Covenant of Good Faith and Fair Dealing (1st COA)

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." (Hicks v. E.T. Legg & Associates (2001) 89 Cal.App.4th 496, 508.) "[T]he scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." (Id. at 509.) "The covenant of good faith and fair dealing… exists… to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made. The covenant thus cannot 'be endowed with an existence independent of its contractual underpinnings.' It cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." (Guz v. Bechtel National, Inc. (2000) 24 Cal.4th 317, 349-350 (Citations Omitted).)

Plaintiff's breach of implied covenant of good faith and fair dealing cause of action is based on the above general allegations and allegations that Defendant breached its duty by: (1) depriving Plaintiff of the Policy's benefits; (2) depriving its insureds of the benefits of policies it issues; (3) failing to conduct a proper investigation of the bases of Plaintiff's claim and the bases of claims made under policies it issues; (4) failing to investigate to determine the efficient proximate cause (predominant cause) of Plaintiff's loss; (5) failing to give Plaintiff as much consideration as

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 71

| | |
|---|---|
| 20STCV16681 | November 9, 2020 |
| MUSSO & FRANK GRILL CO., INC., A CALIFORNIA CORPORATION vs MITSUI SUMITOMO INSURANCE USA INC., A NEW YORK CORPORATION, et al. | 9:30 AM |

| | |
|---|---|
| Judge: Honorable Monica Bachner | CSR: Suanne Onuki, CSR #13734 (CourtConnect) |
| Judicial Assistant: A. Barton | ERM: None |
| Courtroom Assistant: D. Major | Deputy Sheriff: None |

itself; (6) placing its own financial interests above Plaintiff's; (7) failing to comply with regulations including Section 2695.7(b)(1); (8) failing to apply the Policy's definitions and terms to determine whether Plaintiff's claim was covered; and (9) compelling Plaintiff to initiate this action to obtain benefits under the policy. (Complaint ¶70.)

Plaintiff failed to allege sufficient facts to constitute its first cause of action against Defendant. First, Plaintiff's breach of implied covenant of good faith and fair dealing cause of action is derivative of Plaintiff's breach of contract claim, which Plaintiff concedes. (Opposition pg. 13 ["[I]f [Defendant's] policy provides no coverage for [Plaintiff's] claim, [Defendant] cannot face liability for denying the claim in bad faith."].) Moreover, Plaintiff has not alleged facts suggesting Defendant's denial of Plaintiff's claim was unreasonable or without proper cause. Plaintiff's allegations that Defendant acted unreasonably are conclusory and unsupported.

Based on the foregoing, Defendant's demurrer to the first cause of action is sustained without leave to amend.

B. Motion to Strike

In light of the Court's ruling on the demurrer, Defendant's motion to strike is moot.

The Court's written Ruling is signed and filed this date.

Moving party is to prepare, serve and submit a proposed judgment of dismissal.

Notice is waived.